FILED

NOT FOR PUBLICATION

FEB 28 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



NATHALIE THUY VAN,

                Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

                Defendant-Appellee.

Nos.   15-15070
         15-15571
         15-16029

D.C. No. 5:08-cv-05296-PSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Submitted February 24, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nathalie Thuy Van ("Van") appeals the judgment, entered after a jury trial, against Wal-Mart Stores, Inc. (Wal-Mart"). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

I

The district court did not abuse its discretion by excluding Van's medical bills and Wal-Mart's financial documents. The district court found that her failure to disclose particularized medical expenses and financial documents supporting her punitive damages computation was both untimely and prejudicial to Wal-Mart. The record supports the district court's conclusion. Van did not provide the disclosure within the discovery deadline established by the court, nor did she supplement her discovery answers, as she was obligated to do. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment).

Van has not shown that her untimely disclosure was either substantially justified or harmless, Fed. R. Civ. P. 37(c)(1), so the district court did not abuse its discretion in excluding the tendered evidence pursuant to Rule 37(c)(1).

## II

The district court did not err in instructing the jury on the definition of false imprisonment or by supplementing a jury instruction in response to a jury question. The false imprisonment instruction given to the jury by the magistrate judge tracked almost verbatim the California pattern instruction and was a correct statement of California law. Moreover, the instruction was agreed to by Van's counsel and presented to the district court in the parties' joint proposed jury instructions.

The district court did not err in its response to two jury questions. After consulting with counsel, the judge instructed the jury that "[e]ach of these questions is for you to decide," and provided the jury with the language of the relevant statute. The supplemental instruction was neither confusing nor prejudicial. The district court did not abuse its discretion.

## III

The district court did not err in granting Wal-Mart Rule 68 post-offer-of-judgment costs. "Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer. The award is mandatory; Rule 68 leaves no room for the court's discretion. " *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) (citing *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 442 (9th Cir. 1982) (footnote omitted)).

Before trial, Wal-Mart served an offer of judgment on Van in an amount that exceeded the ultimate jury verdict. Van rejected the offer of judgment. Therefore Wal-Mart was entitled to post-offer costs. The district court concluded that Wal-Mart was entitled to reasonable costs under Rule 68, but it found the majority of Wal-Mart's claimed costs to be unjustified. After subtracting the costs it found to be unjustified, the district court awarded Wal-Mart $1,736.81 in post-offer-of-judgment costs. Van has not demonstrated the district court erred in any respect by doing so.

## IV

The remainder of Van's arguments on appeal were either raised in her briefs but not identified in her notices of appeal, or identified in the notices of appeal but abandoned in her briefs. Because Rule 3(c)(1)(B) of the Federal Rules of

Appellate Procedure requires the notice of appeal to "designate the judgment, order, or part thereof being appealed," and since "we will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief," *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (internal quotation marks and citation omitted), we decline to address the merits of Van's remaining arguments.

**AFFIRMED.**